# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-03050-STV

ERIK T. ROBINSON,

    Plaintiff,

v.

DAVID A. GUBERMAN,

    Defendant.

## ORDER

Entered By Magistrate Judge Scott T. Varholak

    This civil action is before the Court on Defendant David Guberman's Motion to Dismiss [#12], and the parties' briefing addressing whether this Court should dismiss the action or transfer it to the United States District Court for the District of Massachusetts [##29-31]. The parties have consented to proceed before the undersigned United States Magistrate Judge for all proceedings, including entry of a final judgment. [## 19, 22] This Court has carefully considered the Motion and related briefings, the entire case file, and the applicable case law, and has determined that oral argument would not materially assist in the disposition of the Motion. For the following reasons, the Motion is **GRANTED** and Plaintiff Erik Robinson's Complaint [#1] is **DISMISSED**. Moreover, in exercising its discretion, the Court finds that transfer to the United States District Court for the District of Massachusetts would not be in the interests of justice.

## I. FACTUAL BACKGROUND[1]

This action arises out of an unemployment claim that Robinson brought against his former employer and the Massachusetts Department of Unemployment Assistance ("DUA") in Massachusetts state court in 2013. [#1 at 2] Robinson was employed with Scout Hotels and Scout MVY Mgt LLC ("Scout") as a staff member for two hotels operated by Scout. [*Id.* at ¶ 1] After ownership of one hotel changed, and the second hotel was damaged by Hurricane Sandy, the hotels began to implement layoffs and budget cuts. [*Id.* at ¶ 2] As a result, Robinson was tasked with extra work, harassed about using overtime to complete his new duties, and ultimately warned that he would be laid off in the foreseeable future. [*Id.* at ¶ 3] In December 2012, Robinson decided to quit his job and move to Utah. [*Id.* at ¶¶ 1, 4] Unable to find new work, he filed an unemployment claim with the DUA in March 2013 ("Robinson I"). [*Id.* at ¶ 4] Robinson's claim was denied by the DUA, which found that Robinson had left his employment voluntarily and therefore did not qualify for unemployment assistance. [*Id.*

---

[1] The facts are drawn from the allegations in Robinson's Complaint, which must be taken as true when considering the Motions to Dismiss, and the exhibits attached thereto. *See Wilson v. Montano*, 715 F.3d 847, 850 n.1 (10th Cir. 2013) (citing *Brown v. Montoya*, 662 F.3d 1152, 1162 (10th Cir. 2011)). The facts are also drawn from the related state and federal court proceedings, of which the Court takes judicial notice. "[F]acts subject to judicial notice may be considered in a Rule 12(b)(6) motion without converting the motion to dismiss into a motion for summary judgment." *Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006). "This includes another court's publicly filed records 'concerning matters that bear directly upon the disposition of the case at hand.'" *Hodgson v. Farmington City*, 675 F. App'x 838, 841 (10th Cir. 2017) (quoting *United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007)). Moreover, Robinson's Complaint extensively references the related state and federal court proceedings, and in fact arises out of that litigation, according to Robinson's description. [#1 at 2]; *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (holding a court "must consider the complaint in its entirety . . . [and] documents incorporated into the complaint by reference").

at ¶ 5; *see also* A1.1[2]]  That determination was affirmed at a hearing.  [A1.3]  Robinson sought review by the DUA Board of Review, which refused that request in October 2013.  [#1 at ¶ 6; A1.7]

Robinson then filed a complaint in the Massachusetts Edgartown District Court ("Robinson II") naming Scout and the Director of the DUA as Defendants.  [#1 at ¶ 6; A1.10-11]  Robinson's case was set for a hearing on February 27, 2014.  [#1 at ¶ 7; A1.32]  On the night before the hearing, Guberman, chief counsel for the DUA, spent the evening at a Scout-operated hotel.  [#1 at ¶ 8]  The state court ultimately affirmed the DUA Board of Review, finding that Robinson was not entitled to receive unemployment benefits.  [A1.13, 25-30]  In an addendum to his complaint, Robinson later alerted the state court of Guberman's hotel stay, based on his belief that it could "be indicative of an unwholesome and possibly illegal relationship between the Co-defendants."  [#1 at ¶ 9; A1.31-32]  The DUA filed a motion to strike Robinson's addendum, noting in part that Robinson had impersonated Guberman in order to procure a copy of the hotel bill and also had made up an email address in Guberman's name.  [A1.38-39]  The state court set a hearing for May 2, 2014, which Plaintiff did not attend.  [#1 at 9; A1.43, 45]  Guberman again spent the night before the hearing at a Scout-operated hotel.  [#1 at ¶ 10]  The Edgartown District Court struck Robinson's addendum at the hearing.  [A1.43, 45]

---

[2]  The Court adopts the Guberman's numbering from the exhibits attached to his Motion.  [*See* ##12-1, 12-2]  Document 12-1 corresponds with A1 citations and Document 12-2 corresponds with A2 citations.  The exhibits include documentation from Robinson's related DUA, state court, and federal court proceedings in Massachusetts.

On May 23, 2014, Robinson filed a Motion for Relief from Judgment and Order [A1.14], repeating allegations about Guberman's hotel stay and also claiming that on May 1, 2014, Guberman had stayed at a Scout-operated hotel for the second time. [A1.44-47] Robinson requested that the court vacate and remand its earlier decision affirming denial of his unemployment benefits and vacate its order striking his addendum. [A1.47] In the meantime, Robinson had filed a notice of appeal with the Massachusetts state appellate court ("Robinson III"). [A1.13] Robinson's entry of appeal was ultimately vacated because of his refusal to comply with the court's order that he pay a filing fee. [A1.15, 56]

While Robinson's appeal remained pending in the Massachusetts state appellate court, he filed a new suit in the U.S. District Court for the District of Massachusetts, alleging that the DUA failed to make an impartial decision in violation of his Due Process rights, and naming the DUA, Guberman, and Scout as defendants ("Robinson IV"). [#1 at ¶ 12; A1.64-71] The case was assigned to Judge Allison Burroughs. [#1 at ¶ 12] Judge Burroughs issued an order to show cause why the action should not be dismissed for the court's lack of subject matter jurisdiction, reasoning that Robinson's claims against the DUA were likely barred by Eleventh Amendment sovereign immunity, and that Robinson's claims against Guberman and Scout appeared to be barred by res judicata since Robinson had litigated, and lost, his claim that an alleged conspiracy between Guberman and Scout had denied him fair proceedings before the DUA. [A2.91-93] Robinson filed an amended complaint and a memorandum in response to the order to show cause, and the court allowed Robinson's claims to proceed. [A1.59]

4

The defendants moved to dismiss Robinson's claims in July 2016. [A1.61] In October 2016, Judge Burroughs granted the motions and dismissed Robinson's complaint. [A2.96-106] Judge Burroughs held, in part, that Plaintiff's claims against all defendants were barred by issue and claim preclusion, finding that "the state court's consideration and rejection of Robinson's allegations that a conspiracy existed between the DUA defendants and Scout MVY, or that any relationship between the two parties impermissibly tainted the administrative proceedings, precludes relitigation of the matter in this Court." [A2.102]

Robinson later discovered that Judge Burroughs had stayed at a Scout-operated hotel in October 2014, when proceedings in Robinson IV were already underway. [#1 at ¶ 16; A2.108-09] Citing to that hotel stay, Robinson filed a "Motion to Vacate, Recuse and Reassign or Transfer," seeking to vacate the order dismissing his case, and claiming that Judge Burroughs failed to recuse herself and "properly clear herself of any potential conflict of interest." [A2.108; *see also* #1 at ¶¶ 18-22] Robinson filed a "Reiterated Motion to Vacate, Recuse and Reassign or Transfer" a few months later, repeating arguments from the original motion to vacate. [A2.112-14] The court denied both motions, and Judge Burroughs noted that even if she had stayed at the hotel identified by Plaintiff, "this would not likely cause an objective, knowledgeable member of the public to doubt [her] impartiality." [A1.62, 63; *see also* #1 at ¶ 22] Judge Burroughs also stated that she had "no recollection of ever staying at that hotel," and that she "d[id] not believe" that a hotel billing receipt submitted by Robinson "reflect[ed] a visit" by her. [A1.63; *see also* #1 at ¶ 22]

Robinson appealed to the United States Court of Appeals for the First Circuit, again arguing that the district court had erred in finding that his claims were barred by res judicata and that Judge Burroughs should have recused herself ("Robinson V"). [A2.118-24] The First Circuit affirmed the district court's dismissal of Robinson's case, "for substantially the same reasons" stated by the district court. [A2.129] Robinson subsequently filed a Petition for Rehearing En Banc [A2.131-43], which the First Circuit denied [A2.144]. Robinson additionally filed a complaint of judicial misconduct against Judge Burroughs, which the First Circuit held was "baseless and not cognizable." [A2.146; *see also* A2.147 ("The reviewed record and the misconduct complaint are devoid of any information suggesting that the judge was biased or otherwise engaged in misconduct.")]

Robinson filed the instant suit on December 18, 2017. [#1] Robinson's allegations are essentially identical to his claims raised in Robinson IV and V, though now he alleges violations of the Fifth Amendment and seeks $3 million in damages. [*See* #1 at 8] Pursuant to a stipulated dismissal, Scout was terminated as a defendant on February 6, 2018. [#11] Robinson filed a Notice of Voluntary Dismissal, dismissing his claim against Judge Burroughs, on February 20, 2018. [#16] Accordingly, Guberman is the sole remaining Defendant in this matter. Guberman filed the instant Motion to Dismiss on February 6, 2018. [#12] Robinson has filed a response in opposition to the Motion. [#15]

## II.  STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a motion under Rule 12(b)(6), a court must "accept as true all well-pleaded factual allegations . . . and view these allegations in the light most favorable to the plaintiff." *Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010) (quoting *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009)).  Nonetheless, a plaintiff may not rely on mere labels or conclusions, "and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  Plausibility refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). "The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *Id.* (quoting *Twombly*, 550 U.S. at 556). The ultimate duty of the court is to "determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007).

"A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)). "The *Haines* rule applies to all proceedings involving a pro se litigant." *Id.* at 1110 n.3. The Court, however, cannot be a pro se litigant's advocate. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

### III. ANALYSIS

Guberman raises three arguments in support of his Motion to Dismiss. [#12] He contends that: (1) the Court lacks personal jurisdiction over him; (2) he is entitled to both sovereign immunity and qualified immunity; and (3) the Complaint fails to state a claim on which relief can be granted, including because it is barred by issue and claim preclusion. [*Id.* at 9-19] Because the Court lacks personal jurisdiction over Guberman, the Court only addresses the first argument. The Court also analyzes whether transfer to another federal district court would be appropriate in the interests of justice, which allows a "peek" at the merits. *Haugh v. Booker*, 210 F.3d 1147, 1150 (10th Cir. 2000) (quoting *Phillips v. Seiter*, 173 F.3d 609, 610 (7th Cir. 1999)).

#### a. Personal Jurisdiction

As previously discussed in this Court's Order dated April 9, 2018 [#26], Guberman has moved to dismiss in part on the grounds that this Court lacks personal jurisdiction over him [#12 at 9-12]. "A court must have . . . . power over the parties before it (personal jurisdiction) before it can resolve a case." *Lightfoot v. Cendant Mortg. Corp.*, 137 S. Ct. 553, 562 (2017). The plaintiff bears the burden of establishing

8

personal jurisdiction over defendants. *See, e.g.*, *Rambo v. Am. S. Ins. Co.*, 839 F.2d 1415, 1417 (10th Cir. 1998). A court has specific jurisdiction over a defendant if sufficient minimum contacts show that: (1) the defendant has purposefully availed itself of the privilege of conducting activities or consummating a transaction in the forum state; and (2) the litigation results from alleged injuries that arise out of or relate to those activities. *Emp'r Mut. Cas. Co. v. Bartile Roofs Inc.*, 618 F.3d 1153, 1160 (10th Cir. 2010). "[G]eneral jurisdiction is proper only when the defendant's contacts with the forum state are (1) continuous and systematic and (2) sufficient to render it at home there." *Am. Fid. Assurance Co. v. Bank of N.Y. Mellon*, 810 F.3d 1234, 1241-42 (10th Cir. 2016) (analyzing general jurisdiction in light of *Daimler AG v. Bauman*, 134 S. Ct. 746 (2014)).

Guberman argues that Robinson has failed to allege any contacts between Guberman and the state of Colorado, and that all of the acts alleged against Guberman occurred in Massachusetts. [#12 at 11-12] The Court agrees. Robinson alleges that Guberman, during state court proceedings conducted in Massachusetts, twice stayed at hotel establishments operated by Scout, which Robinson claims is "indicative of an unwholesome and possibly illegal relationship" between Guberman and Scout. [#1 at 4] Robinson does not include any other allegations about Guberman or otherwise suggest any connection between Guberman and Colorado. Accordingly, Robinson cannot satisfy either basis for personal jurisdiction and this Court lacks jurisdiction over Guberman.

## b. Transfer

When a court lacks jurisdiction, it "shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action or appeal could have been brought." 28 U.S.C. § 1631. The Tenth Circuit interprets this statute as conferring discretion on the district court in deciding whether to transfer such an action or dismiss it without prejudice. *Young v. State Gov't of Okla.*, 98 F. App'x 760, 763 (10th Cir. 2004). "In exercising that discretion, the Court considers (1) 'whether the claims would be barred by a statute of limitations if filed anew in the proper forum,' (2) 'whether the claims alleged are likely to have merit,' and (3) 'whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.'" *Fox v. Calif. Franchise Tax Bd.*, No. 08-cv-01047-PAB-BNB, 2010 WL 3873701, at *1 (D. Colo. Sept. 29, 2010) (quoting *Young*, 98 F. App'x at 763-64). On April 9, 2018, the Court ordered the parties to address the foregoing factors with regard to whether this Court should dismiss the action or transfer it to another district—presumably the United States District Court for the District of Massachusetts.[3] [#26] Both parties have responded to that Order. [##29-31]

---

[3] In his opposition to the Motion to Dismiss, and again in responding to the Court's Order on April 9, Robinson "offers to transfer this case to another Federal court that would be closer to the Defendants," such as "the Federal Court in Chicago" because "[i]t is easily accessed and relatively equidistant between the parties." [#15 at 5; *see also* #30 at 2 (noting that the case could be heard in Chicago, Philadelphia, or New York and that the parties could consent to an alternative venue pursuant to 28 U.S.C. § 1404(a))] However, there are no allegations in Robinson's Complaint that would suggest any suit-related contacts between Guberman and the state of Illinois, Pennsylvania, or New York. Nor are there any allegations that Guberman has "continuous and systematic" contacts with those states such that he would be at home in that state. Accordingly, any federal district court in those states would also lack personal jurisdiction over

10

#### i. Statute of Limitations

With respect to the first factor, the Court finds that Robinson's claims, if filed anew in the Massachusetts federal district court, would be barred by the statute of limitations. Although not specified by Robinson, his claims for violations of the Fifth Amendment appear to arise under 42 U.S.C. § 1983. *See, e.g.*, *Gray v. Kufahl*, No. 15-9203-CM, 2016 WL 4613394, at *2 (D. Kan. Sept. 6, 2016) (assuming that pro se plaintiff was asserting his constitutional claims under § 1983, though plaintiff had not specified whether he intended to do so). Because Section 1983 does not contain a statute of limitations, courts look to the forum state's statute of limitations for personal injury actions. *Owens v. Okure*, 488 U.S. 235, 236 (1989). In Massachusetts, the statute of limitations for personal injury actions is three years. Mass. Gen. Laws ch. 260, § 2A. The Court determines when a cause of action accrues under federal law. *Romero v. Lander*, 461 F. App'x 661, 666 (10th Cir. 2012). As the Tenth Circuit has explained:

> In general, under the federal discovery rule, claims accrue and the statute of limitations begins to run when the plaintiff knows or has reason to know of the existence and cause of the injury which is the basis of his action. In particular, a civil rights action accrues when facts that would support a cause of action are or should be apparent.

*Alexander v. Oklahoma*, 382 F.3d 1206, 1215 (10th Cir. 2004) (citations and quotations omitted).

Robinson was clearly on notice of his claim against Guberman no later than May 23, 2014, the second time that Robinson alerted the Edgartown District Court of

---

Guberman, and there is no indication that Guberman has consented to a transfer to any of those jurisdictions.

Guberman's stays at Scout-operated hotels, and when Robinson became convinced that Guberman was improperly conspiring with Scout and the hotel stays could not be a coincidence.[4] [A1.14] Robinson's claims were thus time barred in Massachusetts federal court as of May 23, 2017. Accordingly, any suit refiled in the U.S. District Court for the District of Massachusetts would be time barred.

### ii. Merit

Even though a new action by Robinson against Guberman would be time barred, "the other factors outweigh this consideration and render transfer not in the interests of justice." *Young*, 98 F. App'x at 764; *see also Haugh*, 210 F.3d at 1150-51 (finding lack of merit outweighed the fact that claims would be time-barred if not transferred). Robinson's Complaint almost certainly lacks merit. *See Haugh*, 210 F.3d at 1150 ("[A] court is authorized to consider the consequences of a transfer by taking 'a peek at the merits' to avoid raising false hopes and wasting judicial resources that would result from transferring a case which is clearly doomed." (quoting *Phillips*, 173 F.3d at 610)).

If refiled, Robinson's claims would, at the very least, be barred by issue preclusion. Issue preclusion, or collateral estoppel, "bars the successive litigation of any issue of law or fact 'once [it has] been determined by a valid and final judgment.'" *Stan Lee Media, Inc. v. Walt Disney Co.*, 774 F.3d 1292, 1297 (10th Cir. 2014) (alteration in original) (quoting *Ashe v. Swenson*, 397 U.S. 436, 443 (1970)). In other

---

[4] Robinson argues that he originally discovered Judge Burroughs' stay at a Scout-operated hotel in October 2016 [#29 at 2], but Judge Burroughs is no longer a defendant [#16], thus Robinson's knowledge of the facts giving rise to claims against Judge Burroughs has no bearing on the accrual of the statute of limitations here. In any event, if Robinson's claims were not time barred, this would weigh in favor of *not* transferring the case to another court. *See, e.g.*, *Young*, 98 F. App'x at 764.

12

words, issue preclusion "prevents a party that has lost the battle over an issue in one lawsuit from relitigating the same issue in another lawsuit." *Id.* (quotation omitted). Issue preclusion bars later litigation if: (1) the issue previously decided is identical to the one in the later case, (2) a final judgment was entered on the merits in the earlier case, (3) the party against whom the doctrine is asserted was a party in the prior case, and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action. *Id.*

Here, the issue is Guberman's purported misconduct by staying at Scout-operated hotels, allegedly depriving Robinson of fair proceedings before the DUA. [*See, e.g.,* #1 at ¶¶ 8-11] Robinson made the same allegations against Guberman in Robinson II and IV. [A1.32, 44-47, 64-71] Robinson IV was finally adjudicated on the merits and affirmed by the First Circuit. [A2.129] Robinson IV also determined that the purported conspiracy between Guberman and Scout was finally adjudicated on the merits in Robinson II. [A2.102] Finally, Robinson had a full and fair opportunity to litigate the alleged conspiracy in both of the prior proceedings. As previously held by Judge Burroughs, "the state court's consideration and rejection of Robinson's allegations that a conspiracy existed between the DUA defendants," including Guberman, "and Scout MVY, or that any relationship between the two parties impermissibly tainted the administrative proceedings, *precludes relitigation of the matter in this Court.*" [A2.102 (emphasis added)] Because the U.S. District Court for the District of Massachusetts, in a final judgment affirmed on appeal, has already concluded that Robinson's claims of conspiracy against Guberman are barred by issue preclusion

due to Guberman's litigation of that issue in the Edgartown District Court, Robinson cannot relitigate that issue. *See, e.g.*, *McNally v. Colo. State Patrol*, 122 F. App'x 899, 902 (10th Cir. 2004). The Court thus cannot transfer Robinson's case to another court because it is "clearly doomed." *Haugh*, 210 F.3d at 1150.

### iii. Good Faith

Finally, the Court considers whether Robinson's claims "were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction." *Young* 98 F. App'x at 763-64. Although Robinson is proceeding pro se, like the pro se plaintiff in *Young*, he "must have been aware" that Guberman had no contact with the State of Colorado, and that Massachusetts would be the proper forum. *Id.* at 764 (citing *Keaveney v. Larimer*, 242 F.3d 389, 2000 WL 1853994, at *2 (10th Cir. Dec. 19, 20000) (finding plaintiff's pro se status "d[id] not excuse his obligation to comply with the procedural rules including jurisdiction," especially where jurisdiction did not "turn[] on the existence of some elusive fact about which [plaintiff] made an erroneous guess," but "[r]ather, the error . . . [w]as obvious")). All of the events alleged by Robinson occurred in Massachusetts and the particular allegations against Guberman involve his purported stays at Massachusetts hotels.

Robinson argues that he filed the Complaint in good faith because this Court is geographically the closest court to him and because he "felt it would be impossible to get a fair trial" in Massachusetts. [#29 at 3] But despite Robinson's personal beliefs, he is nevertheless required, even as a pro se litigant, to familiarize himself with and "comply with the fundamental requirements of the Federal Rules of Civil . . . Procedure."

*Ogden v. San Juan Cty.*, 32 F.3d 452, 455 (10th Cir. 1994). The Court notes that, aside from jurisdictional defects, any argument by Robinson that he filed the instant suit in good faith is also likely undermined by the fact that identical claims by Robinson had already been rejected by at least three courts at both the state and federal level (Robinson II, IV, V) by the time he filed the instant action.

In light of these factors, transfer to the U.S. District Court for the District of Massachusetts would not be in the interests of justice.

## IV. CONCLUSION

For the foregoing reasons, Guberman's Motion to Dismiss [#12] is **GRANTED** and Robinson's Complaint [#1] is **DISMISSED WITHOUT PREJUDICE.**

DATED: May 4, 2018 　　　　　　　　　　BY THE COURT:

　　　　　　　　　　　　　　　　　　　s/Scott T. Varholak_____
　　　　　　　　　　　　　　　　　　　United States Magistrate Judge